UNITED STATES DISTRCT COURT
DISTRICT OF NEW HAMPSHIRE

| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:09-CV-300-GZS |
| | ) | |
| ELAINE A. BROWN, | ) | |
| Defendant, | ) | |

## SCHEDULING ORDER

In accordance with Fed.R.Civ.P. 16(b), the Court proposes this Order as the Scheduling Order in this case and hereby forwards it to counsel or unrepresented parties. Unless a written objection to this Order and an alternative proposed discovery plan are filed by November 16, 2009, the Court will conclude that the terms and deadlines established in this proposed scheduling order are not objected to.  An objection to this Order shall contain a detailed explanation of the reasons for each requested alteration of this Order.  If no objection is timely filed, this Order shall constitute the Court's Scheduling Order under Fed.R.Civ.P. 16(b).

Track Assignment:   Discovery is limited to not more than 30 interrogatories per opposing party (subparts not permitted); 30 requests for admission per opposing party; 2 sets of requests for production per opposing party; and 5 depositions per party.

Subject Matter Jurisdiction:  U.S. Government Plaintiff

Jury Trial: Jury trial has not been demanded

Deadline for Amendment of the Pleadings:  December 18, 2009

Deadline for Joinder of Parties:  December 18, 2009

Plaintiff(s) shall designate experts required to be disclosed by Fed.R.Civ.P. 26(a)(2)(A) (including treating physicians and other non-retained or specially employed

experts) and, with respect to each of them, provide a complete statement of all opinions to be expressed and the basis and reasons therefor by:   December 18, 2009

Defendant(s) shall designate experts required to be disclosed by Fed.R.Civ.P. 26(a)(2)(A) (including treating physicians and other non-retained or specially employed experts) and, with respect to each of them, provide a complete statement of all opinions to be expressed and the basis and reasons therefor by:   January 22, 2010

If the expert is retained or specially employed to provide expert testimony in the case or the expert's duties as an employee of a party regularly involve giving expert testimony, the disclosure shall also include the other categories of information specified in Fed.R.Civ.P. 26(a)(2)(B).  All required information may, but need not, be provided in the form of a written report prepared and signed by the expert.

Deadline to Complete Discovery:  March 5, 2010

Deadline to Identify and Produce Local Rule 44 Records: March 5, 2010

Counsel are advised that absent some excusable circumstance, discovery initiatives must be timely initiated so that the response of the opposing party is filed prior to the discovery deadline.

Deadline for Filing of All Dispositive Motions and All *Daubert* and *Kumho* Motions[1] Challenging Expert Witnesses with Supporting Memoranda:  March 26, 2010

Ready for Trial Date by: June 2010

Further Matters in Aid of Disposition: The plaintiff(s) shall make a written settlement demand upon the defendant(s) by February 5, 2010.  The defendant(s) shall respond in writing by February 19, 2010.

SO ORDERED.

/s/Margaret J. Kravchuk
U. S. Magistrate Judge

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).  Such motions shall include any challenges to lack of qualifications, scope of testimony and any other issues addressed by these decisions.

Dated this 2nd day of October, 2009.