UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:09-cv-300-GZS |
| | ) | |
| ELAINE A. BROWN , | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION ON MOTION FOR SUMMARY JUDGMENT**

The United States has filed a motion for summary judgment in its efforts to collect past

taxes owed by Elaine Brown.  Brown is serving a sixty-three month sentence after being

convicted on five counts for tax evasion (and structuring financial transactions to evade reporting

requirements.)  United States v. Elaine Brown, Crim. No. 06-71-SM-1 (D.N.H.)

Brown has not responded to this summary judgment motion. The federal defender who

represented Brown in her criminal trial has filed a letter with the United State District Court in

New Hampshire that explains:

> I represented Elaine Alice Brown in her criminal trial last year.  I do not
> represent her in the civil tax proceeding presently pending.  However, I recently
> received a letter from my former client asking that I advise the government and
> the Court that she will not participate in the presently pending civil proceeding.
>    You will see that I am sending copies of this letter to my former client and
> to the Clerk of the United States District Court for the District of New Hampshire.

(Letter from Björn Lange, Federal Defender, to Julie C. Aveta, Attorney, Tax Division of U.S.

Department of Justice, Mar. 26, 2010, Crim. No. 06-71-SM-1 (D.N.H.), Doc. No. 15.)   This

letter was docketed and the clerk's office sent a copy of the entry to Brown.  The time for

responding to the motion for summary judgment elapsed on April 26, 2010, and Elaine Brown

has not submitted anything to the court in this civil matter as of the filing of the motion for summary judgment.

### Discussion

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The fact that Brown does not oppose the motion "does not mean that a moving party is automatically entitled to summary judgment." Jaroma v. Massey, 873 F.2d 17, 19 -20 (1st Cir. 1989). "[T]he district court cannot grant a motion for summary judgment merely for lack of any response by the opposing party, since the district court must review the motion and the supporting papers to determine whether they establish the absence of a genuine issue of material fact." Id. at 20. Accordingly, I must "first … inquire whether the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law." Id.

### *Undisputed Material Facts and Recommended Disposition*

Elaine Brown is presently incarcerated following her conviction on multiple counts of tax evasion and conspiracy, among other charges. (SMF ¶ 1; D.N.H. Case No. 1:06-cr-00071-SM.) Ms. Brown and her husband Edward Brown have advocated the long-discredited view that there is no authority for the federal tax system. (Id. ¶ 2.) Ms. Brown operated a dentistry practice under the names "Half Hollow Dental Center" and "Rock Solid Trust," but has filed no federal income tax returns since 1996. (Id. ¶ 3.) Ms. Brown ceased to pay the quarterly employment taxes of her dentistry practice in January of 2002. (Id. ¶ 4.) The IRS investigated Ms. Brown's income and business tax liabilities and, based on information it procured during its investigation, calculated the taxes and associated penalties owed by Ms. Brown. (Id. ¶ 5.) On April 23, 2007,

the IRS made assessments against Elaine Brown for unpaid individual income taxes and penalties totaling $ 2,422,734.28. (Id. ¶ 6.)[1]

On or about April 23, 2007, the IRS sent a Notice of Jeopardy Assessment and Right of Appeal reflecting the above assessments to Elaine Brown at her last known address. (Id. ¶ 7.) On April 23, 2007, the IRS made assessments against Elaine Brown, d/b/a The Rock Solid Trust, d/b/a Half Hollow Dental, for unpaid quarterly employment taxes and penalties, for the taxable years, of the types, and in the amount of $ 365,677.36. (Id. ¶ 8.)[2] On or about April 23, 2007, the IRS sent a Notice of Jeopardy Assessment and Right of Appeal reflecting the above assessments to Elaine Brown at her last known address. (Id. ¶ 9.)

Elaine Brown sought neither administrative nor judicial review of any of these assessments. (SMF ¶ 10.) Her total unpaid federal tax liabilities, including individual income and business taxes, equal $2,788,411.64, as of March 19, 2010. (SMF ¶ 11.) The United States filed this civil action against Elaine Brown on September 3, 2009, seeking to reduce these assessments to judgment. (SMF ¶ 11.) Elaine Brown was personally served with a summons and copy of the United States' Complaint on September 16, 2009, while in the custody of the Strafford County Sheriff. (SMF ¶ 12.) On September 28, 2009, Ms. Brown filed a document titled "Affidavit and Answer by Special Visitation to Complaint" which this Court has apparently deemed sufficient to avoid the entry of default judgment against Ms. Brown. (SMF ¶ 13.)

Based on these undisputed facts there is no reason not to grant the pending motion for summary judgment. In this proceeding Brown has not even attempted to prove that her tax

---

[1] There is an elaborate table provided by the United States in its statement of fact breaking down these liabilities.

[2] Again, there is an elaborate table provided by the United States in its statement of fact breaking down these liabilities.

deficiency obligation is erroneous.  As the First Circuit explained in <u>Delaney v. Commissioner of</u>

<u>Internal Revenue</u>:

> It is settled law that taxpayers bear the burden of proving that a tax deficiency assessment is erroneous. <u>United States v. Rexach</u>, 482 F.2d 10, 16 (1st Cir.), cert. denied, 414 U.S. 1039  (1973); Tax Court Rule 142(a). The Supreme Court has held that the Commissioner's "ruling has the support of a presumption of correctness, and the petitioner has the burden of proving it to be wrong." <u>Welch v. Helvering</u>, 290 U.S. 111, 115  (1933); <u>see also</u> <u>United States v. Janis</u>, 428 U.S. 433, 439 (1976); <u>Estate of Todisco v. Commissioner</u>, 757 F.2d 1, 6 (1st Cir.1985) (the basic rule in all tax cases places the burden of proof with the taxpayer). The rationale for this rule is more deeply rooted than the conventional regimen that places the burden of proof on the moving party. <u>See</u> <u>Rexach</u>, 482 F.2d at 16. Thus, in a tax deficiency suit "the burdens of going forward and of ultimate persuasion are always on the taxpayer and never shift to the Commissioner." <u>Id.</u> at 16-17. Ultimately, of course, a tax deficiency assessment is subject to reversal if the taxpayer establishes by a preponderance of the evidence that it was erroneous. <u>Estate of Whitt v. Commissioner</u>, 751 F.2d 1548, 1556 (11th Cir. 1985).

99 F.3d 20, 23 (1st Cir. 1996).

Brown has not attempted to prove that the tax deficiency assessment is erroneous and I

conclude that the United States is entitled to judgment as a matter of law.

## CONCLUSION

I recommend that the Court grant this motion for summary judgment.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                                        /s/ Margaret J. Kravchuk
                                        U.S. Magistrate Judge

April 30, 2010